IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 3:2007-3 |
| ) | |
| TERRI BETH KERR, ) | JUDGE GIBSON |
| a/k/a Terri Beth Miller, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the remaining Pretrial Motions (Document No. 29) of the Defendant numbered I, IV, VIII, IX, X, and XII which were not ruled upon in this Court's Order of March 27, 2008 (Document No. 44). The Court begins first with the Motion to Dismiss the Indictment.

**I.    Motion to Dismiss Indictment**

The Indictment in the case sub judice contains only one count, an alleged violation of 18 U.S.C. § 844(i), and reads:

> On or about December 16, 2002, in the Western District of Pennsylvania, the defendant, TERRI BETH KERR a/k/a TERRI BETH MILLER, did maliciously damage and destroy, by means of fire, the building known as Miller's Pools, Spas and Skis, located at 3120 Elton Road, Richland Township, Cambria County, Pennsylvania, which building was used in interstate commerce and in activity affecting interstate commerce.
>
> In violation of Title 18, United States Code, Section 844(i).

Redacted Indictment (Document No. 2). 18 U.S.C. § 844(i) reads in pertinent part:

> (i) Whoever maliciously damages or destroys, or attempts to damage or destroy, **by means of fire** or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign

commerce....

18 U.S.C. § 844 (i)(emphasis added).

The extent of the Defendant's argument for this motion is that "[t]he defendant moves to [dis]miss the Indictment for lack of an essential element of the crime charged on the basis that the Indictment and the Rule 16 material provides no showing of an incendiary fire nor use of explosive as that term is defined." Defendant's Pretrial Motions (Document No. 29), p. 2.

The Government in response argues that it has complied with Federal Rule of Criminal Procedure 7(c)(1) in that it has stated that the destruction of Miller Pools, Spas and Skis was done by the Defendant through "means of fire". Government's Response (Document No. 30), p. 1.

The Supreme Court of the United States has addressed the usage of the statutory language of a criminal offense in an indictment:

> Our prior cases indicate that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882). 'Undoubtedly the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'

*Hamling v. U.S.*, 418 U.S. 87, 117-118, 94 S.Ct. 2887, 2907-2908, 41 L.Ed.2d 590, 620-621(1974).

> An indictment is generally deemed sufficient if it: 1) "contains the elements of the offense intended to be charged," 2) "sufficiently apprises the defendant of what he must be prepared to meet," and 3) allows the defendant to "show [ ] with accuracy to what extent he may plead a former acquittal or conviction" in the event of a subsequent prosecution. It is equally well established that no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.

*U.S. v. Rankin*, 870 F.2d 109, 112 (3d Cir.1989) (citations and internal citations omitted). Two years later in *Eufrasio*, the Court of Appeals for the Third Circuit recognized:

> Furthermore, an indictment charging a statutory crime is sufficient if it substantially follows the language of the criminal statute, provided that its generality does not prejudice a defendant in preparing his defense nor endanger his constitutional guarantee against double jeopardy. *See United States v. Addonizio*, 451 F.2d 49, 58 n. 7 (3d Cir.1971), cert. denied, 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972).

*U.S. v. Eufrasio*, 935 F.2d 553, 575 (3d Cir.1991).

*U.S. v. Cheatham*, 500 F.Supp.2d 528, 530 (W.D.Pa. 2007).

The indictment memorandum clearly sets forth the following elements of the offense: "1. That the defendant set a fire, or caused a fire to be set, in order to damage or destroy property. 2. That the defendant acted maliciously. 3. That the property was used in interstate commerce or in activity affecting interstate commerce." Indictment Memorandum (Document No. 3)(citations omitted), p. 2.

The Court finds that the Indictment clearly places the Defendant on notice that the Government believes her to be the person who maliciously set fire to or caused the fire that destroyed "the building known as Miller's Pools, Spas and Skis". Redacted Indictment. The Indictment tracks the language of the applicable statute. The Indictment also references the use of a fire, but not an explosive. As for

3

the Defendant's argument that the Federal Rule of Criminal Procedure 16 discovery material does not indicate the use of a fire, then such absence is fodder for a motion for acquittal if the Government's case-in-chief also provides no evidence of a fire to the jury or alternatively, such an absence of evidence in the Rule 16 discovery material could be the basis for the declaration of a mistrial should the Government have failed to produce evidence pursuant to Rule 16 that it does present at trial.[1] The Defendant's motion to dismiss indictment is denied as the indictment sufficiently sets forth the elements of the crime, what allegations she must defend against and also allows her to plead double jeopardy.

**Motion for Grand Jury Transcripts**

The Defendant moves for the production of the grand jury transcripts of every witness as to the present indictment. Defendant's Pretrial Motions, pp. 3-4. The Defendant seeks such testimony in order to prepare for trial as well as possibly "investigate any potential alibi defense for those times and places any statements were allegedly made [by her]." *Id.* at p. 4. The Defendant bases her particularized need for the grand jury transcript under Rule 6 (e)(3)(E)(i) "[d]ue to the scant information implicating Terri Beth Miller contained in the Rule 16 material...." *Id.* at pp. 4-5. The Government has offered to produce the grand jury transcripts of only those witnesses it intends to call at trial when it produces its Jencks material, which at the time of the filing of the Government's Response was May 1, 2008. Government's Response (Document No. 33) pp. 1-2. Based upon the stipulation of the Government, this Court has imposed a new deadline of April 28, 2008 for the production of Jencks

---

[1] The Court notes that the Receipt for Local Criminal Rule 16.1 Material (Document No. 9) reflects the production of items by the Government to Attorney McQuillan including "(a) Fire scene investigation reports of the Pennsylvania State Police (2 pages) and ATF (4 pages); (b) ATF Laboratory Report, dated January 30, 2003, relating to the examination of debris samples; and (c) Fire Marshal Accelerant Detection Canine report."

4

material. *See* Order of March 27, 2008 (Document No. 44).

Production of grand jury transcripts must be based upon a "particularized need" *see In re Grand Jury Matter*, 682 F.2d 61, 63-64 (3d Cir. 1982) and their discovery prior to trial is governed by Federal Rule of Criminal Procedure 6(e). In responding to such requests, courts have permitted such discovery of a grand jury witness' statement where it relates to possible "dismissal of the indictment" or "prejudicial irregularities in the conduct of the grand jury" but not when a request for transcripts is based upon "pre-trial discovery". *U.S. v. Budzanoski*, 462 F.2d 443, 454 -455 (3d Cir. 1972). Likewise, in the case *sub judice*, the Court fails to see a particularized need based upon pre-trial discovery and what defense counsel finds to be a lack of depth in the Rule 16 discovery material produced to date despite his continued remarks to this court concerning its voluminous nature. The Defendant's Motion for Grand Jury Transcripts is denied and the Government shall produce any Jencks material, including grand jury testimony on or before April 28, 2008.

**Motion to Dismiss for Lack of Jurisdiction**

The Defendant seeks dismissal of the Indictment because of the absence of evidence demonstrating "that the building allegedly burned by the defendant was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." Defendant's Pretrial Motions, p. 7. The Government's response essentially refers back to a discussion of Federal Rule of Criminal Procedure 7(c)(1) and the fact that the Indictment uses the statutory language of 18 U.S.C. § 844(i) and alleges that Miller's Pools Spas & Skis "was engaged in interstate commerce." Government's Response (Document No. 39), pp. 1-2. Both parties disagree as to whether the Rule 16 discovery material already produced by the Government demonstrates this necessary element of § 844(i).

5

Defendant's Pretrial Motions, p. 7; Government's Response, p. 2.

Malicious Destruction of Property by Fire, 18 U.S.C. § 844(i), occurs when three elements are met: "1. That the defendant set a fire, or caused a fire to be set, in order to damage or destroy property; 2. That the defendant acted maliciously; 3. That the property was used in interstate commerce or in an activity affecting interstate commerce." Indictment Memorandum (Document No. 3) p. 2.

The Court agrees with the Government that it has complied with Federal Rule of Criminal Procedure 7(c)(1) and it need not present a "prima facie showing", *see* Defendant's Pretrial Motions, p. 7, within the Indictment or Indictment Memorandum that the building in question meets the interstate commerce element of § 844(i). As for the absence of such information within the Rule 16 discovery material, the Defendant certainly has the opportunity at trial to demonstrate the absence of such evidence mandates an acquittal at the conclusion of the Government's case-in-chief.

**Motion to Exclude the term "Arson" at trial**

The Defendant seeks the preclusion of the term "arson" at trial because it is "prejudicial and inflammatory." Defendant's Pretrial Motions p. 7. The Defendant correctly points out that the term "arson" is not included within § 844(i). *Id.* at p. 8. The Government opposes this motion referencing circuit court cases that refer to the term "arson" with respect to § 844(i). *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005); *United States v. Clausen*, 328 F.3d 708, 711 (3d Cir. 2003); *United States v. Williams*, 299 F.3d 250 (3d Cir. 2002). Government's Response (Document No. 37), p. 1. The Government sees no more prejudice in the term "arson" than it does with the true statutory name of the offense, "malicious destruction of property by fire." *Id.*

The Court agrees with the Government that the term "arson" is readily used with respect to §

6

844(i) in case law and treatises, *see* 6A C.J.S. Arson § 22 ("federal arson statute"), in a colloquial sense, but the title of the offense is "malicious destruction of property by fire". Interestingly enough, the statute setting forth the statute of limitations for § 844(i), that is 18 U.S.C. § 3295, is entitled "Arson offenses" despite the absence of the word "arson" in § 3295 or § 844(i). Additionally, the Anti-Arson Act of 1982, Pub. L. No. 97-298. § 2(c), 96 Stat. 1319 (1982), amended § 844(i) to include the words "fire or". Moreover the distinction between the nature of the structure destroyed in an "arson" pursuant to Pennsylvania's common law and the statute before the Court is not apparent from the use of the word "arson" and the Court would be surprised to find any juror who would draw that distinction considering the restriction of "arson" to the destruction by fire of dwellings and their appurtenances was essentially removed from Pennsylvania law with the 1972 enactment of 18 Pa.C.S.A. § 3301. *See* 18 Pa. C.S.A. § 3301, official comment 1972. Finally, the use of the term arson is readily expected to appear at trial whether in reference to such terms as "arson detection" and "arson investigator" or "arson investigation[s]"; however, people and investigations are not typically referred to as "malicious destruction of property by fire investigator" and "malicious destruction of property by fire detection". The use of the term "arson" is widespread, being used not only by the courts and law enforcement but also by the media and by persons without any legal understanding of its common law basis. This society has a tendency to shorten its references to matters, whether by nicknames, acronyms or "curbside parlance" and usage of the term "arson" creates no prejudice for the Defendant. If this were a Pennsylvania prosecution for "criminal homicide", the Court is confident that the term "murder" would be utilized around the courtroom and courthouse to describe the offense, or in a theft by deception prosecution, that that phrase would be shortened to "theft". The term "arson" has no more

prejudice to the Defendant above and beyond the fact that it is a collquialism for the federal crime of "malicious destruction of property by fire". The main concern for this Court on this issue is the final charge for the jury and in no respects will that charge contain the word "arson" in replacement for the term "malicious destruction of property by fire".

**Motion to Exclude Evidence of Insurance and Financial Dealings From Trial**

The Defendant seeks the exclusion from trial of any evidence concerning "insurance policies, claims, cancellations, lawsuits and the like...because no insurance fraud was charged in the Indictment." Defendant's Pretrial Motions, p. 8. The Defendant argues that such evidence is prejudicial and "is not probative of any issue at trial." *Id.* Finally, the Defendant argues that she had no interest in Miller's Pools, Spas and Skis and "moves to exclude evidence of any financial dealings involving the business." *Id.* at p. 9.

"The [G]overnment concedes that the [D]efendant did not have an ownership interest in the business. Moreover, the [G]overnment recognizes that the [D]efendant was not a named insured on the policy which covered the business." Government's Response (Document No. 32), pp. 1-2. Nonetheless the Government argues that such evidence is probative of the Defendant's motive and that her motive is relevant.

The Court agrees with the Government's citation to *United States v. Sriyuth*, 98 F.3d 739, 747 n. 12 (3d Cir. 1996) wherein it is recognized that "[M]otive is always relevant in a criminal case, even if it is not an element of the crime...."

The Government proffers that "the evidence will show that prior to the fire: (a) the defendant was having financial difficulties; (b) the defendant was hoping that her boyfriend could use the

8

insurance proceeds to finalize his pending divorce case; and (c) the defendant was hoping that the insurance proceeds could be used to rebuild a new building to house Miller's Pools, Spas and Skis." The Government qualifies the Defendant's alleged motivation as one of "hoping" her boyfriend would take certain actions with insurance proceeds. To conclusively state that there is a legitimate hope on the part of the Defendant is difficult for the Court to assess without foundational facts to conclude that the Defendant's expectations had a basis. See 22A C.J.S. *Criminal Law* § 992 (2008)(footnotes omitted)("knowledge" or "opportunity" for knowledge of a fact upon "on which the alleged motive is based" "is essential"). Additionally, the Government's stated basis for admissibility of this evidence contains the implication that the Defendant knew of or was aware of the insurance policy, the financial condition of Miller's business and his need for funds to settle his divorce. Based upon the Government's proffer of its insurance, financial and other evidence sought to be introduced at trial the Court finds that such evidence could be relevant for purposes of demonstrating motive despite the absence of motive from the elements of the crime of malicious destruction of property by fire. However, the Court will defer ruling on the relevancy of the insurance, financial and other records until trial when the Government establishes the necessary foundational facts upon which one could conclude that the Defendant was aware of the matters that such evidence demonstrates which in turn would be a basis to generate her motivation. At that time, the Court will also consider any impact Federal Rule of Evidence 403 may have on the admission of these records.

## Motion to Unseal Sealed Records At Time of Pre-trial Hearing

The Defendant, recognizing the Court's power of discretion to unseal a document requests the unsealing of Document Number 20 in the case *sub judice* in light of what the Defendant terms "the circumstantial nature of the government's case in chief." Defendant's Pretrial Motions, pp. 9-10. The Government maintains that the document should remain sealed as "good cause" for such action remains in existence, that the "sealing will in no way unfairly prejudice the defendant in this case" and that it "will provide defense counsel and the Court with prior notice so that the defendant...can object to the government's use of such evidence." Government's Response (Document No. 41), pp. 1-2.

Recently, the Third Circuit addressed the concept of "good cause" under Federal Rule of Criminal Procedure 16:

> Courts may issue protective orders "for good cause" under Rule 16 of the Federal Rules of Criminal Procedure. *See also Pansy*, 23 F.3d at 786 (noting in the civil context that "it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection") (quoting Fed.R.Civ.P. 26(c)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Id.* (citation and internal quotation marks omitted). The good cause determination must also balance the public's interest in the information against the injuries that disclosure would cause. *Id.* at 787-91.

*U.S. v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The present document under seal is a Government pleading. Applying the factors[2] set forth in *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir.

---

[2]

    In *Pansy*, we recognized several factors, which are neither mandatory nor exhaustive, that may be considered in evaluating whether "good cause" exists:
1) whether disclosure will violate any privacy interests;
2) whether the information is being sought for a legitimate purpose or for an improper purpose;
3) whether disclosure of the information will cause a party embarrassment;

10

1994), the Court concludes that "good cause" remains to keep the present pleading under seal inasmuch as the Government's request is for a legitimate purpose, the sharing of this document will not promote any fairness and the Court is unaware of how it may be used or if it will be used at all at trial. Additionally, while the United States Attorney's Office is a public office, and its prosecution of alleged criminal acts is always a valid concern of the public, the pleading relates to matters that may or may not be addressed at trial. The Government in its Response has already offered to reveal such matter to the Defendant to allow for any pre-trial objection. The remainder of the *Pansy* considerations (factors 1, 3, 4) are neutral in this analysis.

Therefore, the Defendant's motion is denied.

---

4) whether confidentiality is being sought over information important to public health and safety;
5) whether the sharing of information among litigants will promote fairness and efficiency;
6) whether a party benefitting from the order of confidentiality is a public entity or official; and
7) whether the case involves issues important to the public.
23 F.3d at 787-91.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

**AND NOW**, this 11th day of April, 2008, in consideration of the Defendant's Pretrial Motions (Document No. 29), specifically I Motion to Dismiss Indictment, IV Motion for Grand Jury Transcripts, VIII Motion to Dismiss for Lack of Jurisdiction, IX Motion to Exclude the term "Arson" at trial and XII Motion to Unseal Sealed Records at Time of Pre-trial Hearing, IT IS HEREBY ORDERED THAT said motions are DENIED; IT IS FURTHER ORDERED THAT ruling is deferred on the Defendant's X Motion to Exclude Evidence of Insurance and Financial Dealings from Trial until the time of trial.

**BY THE COURT:**

*Kim R. Gibson* (signature)

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**