# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | CRIMINAL NO. 3:2007-3 |
| ) | |
| TERRI BETH KERR, a/k/a   ) | |
| TERRI BETH MILLER,   ) | JUDGE GIBSON |
| ) | |
| Defendant.    ) | |

## MEMORANDUM OPINION and ORDER OF COURT

**GIBSON, J.**

This matter comes before the Court on the Defendant's First Motions in Limine (Document No. 52) (hereinafter "First Motion") and Second Motions in Limine (Document No. 56)(hereinafter "Second Motion"), Third Motion in Limine (Document No. 66)(hereinafter "Third Motion"), Fourth Motion in Limine (Document No. 67)(hereinafter "Fourth Motion") and Fifth Motion in Limine (Document No. 68)(hereinafter "Fifth Motion"). For the reasons stated herein, the Court will grant in part, deny in part and deny in part as moot these motions.

**I.    First Motions *in Limine***

In this motion, the Defendant raises objections to five documents based upon relevancy and their allegedly prejudicial nature.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules

prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

As is apparent from the "substantially outweighed" language of Rule 403, the rule presumes admission of relevant evidence unless the balancing between the evidence and one or more of the bases for exclusion from the rule favors the basis for exclusion. *See United States v. Cross,* 308 F.3d 308,323 (3d Cir. 2002); *United States v. Bradley,* 173 F.3d 225, 230 (3d Cir. 1999). Trial courts are expected to describe the balancing of these facts on the record. *Holbrook v. Lykes Bros. S.S. Co., Inc.*, 80 F.3d 777, 786 (3d Cir. 1996)(citation omitted). "The term unfair prejudice 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.' *United States v. Cross*, 308 F.3d 308, 324 n. 23 (3d Cir.2002), quoting Advisory Committee Note to Rule 403." *U.S. v. Rutland,* 372 F.3d 543, 546 (3d Cir. 2004).

**Motion to Exclude Nationwide Insurance Letter Regarding Notice of Non-Renewal (dated 11/15/2002).**

The Defendant seeks exclusion of this notice of non-renewal because the Defendant was not a beneficiary, policyholder or insured under the policy, First Motion ¶¶ 3, 5, the non-renewal was based upon "due to the policyholder's failure to comply with contract obligations and make records available for audit" First Motion ¶ 2, and "the document [was] addressed to Miller Pools Inc. DBA Miller Pools & Skis...." First Motion, ¶ 4. The Government in its First Response (Document No. 64) to the First

2

Motion indicates that the Nationwide cancellation notice provides evidence of motive. Government's First Response, pp. 2-3. However, the closest the Government comes to describing any specific knowledge or opportunity for such knowledge by the Defendant of the contents of the notice is that "the [D]efendant managed the day-to-day operations at Miller's Pools as of the date of the fire." *Id.* at p. 2. Logically speaking, for information to motivate a person's actions, the information must be within that person's knowledge. For this cancellation notice to be relevant, its contents must have been within the knowledge of the Defendant, otherwise the Defendant could not have been motivated by it. The present irrelevancy of this cancellation notice does not restrict other evidence of the same motivation within the knowledge of the Defendant and certainly does not prevent the ability of the Government to present evidence sufficient to demonstrate the elements of the offense. The Plaintiff's motion is granted without prejudice to the Government to seek introduction of the cancellation notice upon sufficient evidentiary foundation that demonstrates that the Defendant was aware of the cancellation notice. The Court reserves ruling upon any Federal Rule of Evidence 403 objection on this evidence.

**Motion to Exclude Correspondence between Nationwide Insurance and Berwind Natural Resources Corp. (Dated 11/25/2002) / Motion to Exclude Wilmore Coal[1] letter regarding cancellation of lease (dated 12/10/2002).**

The Defendant seeks exclusion of these two pieces of correspondence based upon a lack of relevancy and the lack of relevance and the existence of prejudice respectively. First Motion ¶¶ 3-5. The Court finds the first letter from Nationwide to Berwind is only relevant for purposes of providing a foundation for the second letter generated from Berwind and sent to Miller regarding the cancellation

---

[1] The Court will refer to both Berwind and Wilmore as "Berwind" in light of the fact that it is alleged by the Defendant that Wilmore is a subsidiary of Berwind.

3

of the lease. It is irrelevant for any other purpose because there has been no showing that the letter from Nationwide to Berwind was directed to the Defendant or that she read it or knew of its contents. As for the second letter, the Plaintiff argues that it is irrelevant, prejudicial to the Defendant and confusing for the jury. First Motion, pp. 4-5. The Defendant acknowledges that she signed the receipt for the letter, but does not admit that she read the letter inside. *Id.* at ¶¶ 17-18. The Defendant also argues that the letter raises an issue of "prior bad act evidence as to Don Miller and must be excluded" because the Berwind letter of cancellation was based upon a cancellation of insurance as well as missed rent payments and a violation of a Richland Township ordinance. *Id.* at ¶ 19. The Government argues that these letters are relevant with regard to the Defendant's motivation and timing of the crime in issue. First Response, pp. 4-5. The Court finds the letter from Berwind to Don Miller, signed for by the Defendant, relevant only if it is proven that the Defendant was aware of the contents of the letter; should the letter from Berwind to Don Miller be found relevant by the Court, in turn the letter from Nationwide to Berwind becomes relevant for the purpose of demonstrating the basis of Berwind's letter to Don Miller. Therefore, the Court finds both of these letters irrelevant and therefore inadmissible without prejudice to the Government demonstrating that the Defendant was aware of the contents of the letter sent from Berwind to Don Miller. Should the Government produce evidence sufficient to establish that the Defendant was aware of the contents of the letter from Berwind to Don Miller, the Court will then address the argument of the Defendant as to the presence of prior bad act evidence within that letter. The Defendant's Motion is granted without prejudice to the Government to demonstrate the Defendant's knowledge of these two letters prior to the occurrence of the fire in question. The Court also reserves ruling upon the any Federal Rule of Evidence 403 objection on this evidence.

4

### Motion to Exclude First Energy/Pennsylvania Electric "notices"

The Government during oral argument indicated that it will not be offering the "notices" the Defendant seeks to preclude from admission. This motion is denied as moot.

### Motion to Exclude Emerald Spa Aged Invoice Report

The Defendant originally sought exclusion of this report, but the Government in its First Response has indicated that it will "not introduce evidence relating to Miller's Pools' delinquent account with Emerald Spas. First Response, p. 6. Therefore, the Court will deny this motion as moot.

## II. Second Motions *in Limine*

### Motion to Exclude Reference to Sales Tax Issues Related to Don Miller's Business

The Government indicated at the time of the oral argument on this motion that it would be unable to produce a witness to introduce evidence of sales tax violations related to Miller's Pools, and therefore, this motion is denied as moot.

### Motion to Exclude Transcript or Reliance upon Donald Miller's Examination Under Oath

The Government in its Second Response (Document No. 65), p. 2, indicates that it will not introduce this transcript "during the government's case-in-chief." Therefore, the Court will deny this motion as moot.

### Motion to Limit the Scope of Testimony by the Government's Expert William Grom

The Government stipulated at the time of oral argument that Mr. Grom will not testify to matters outside of his report, specifically to the conclusion that the Defendant had set the fire in question. This motion is denied as moot.

5

**Motion to Preclude Testimony that the Business was for Sale**

The Government in its Second Response, p. 3, indicates that it will not "introduce evidence that the business was listed for sale in or around 2000." Therefore, the Court will deny this motion as moot.

**Motion to Preclude Testimony Regarding Donald Miller's Divorce**

The Defendant claims evidence regarding Donald Miller's divorce is irrelevant and appears to otherwise argue that it would confuse the issues to be presented to the jury. Second Motion, p. 6. The Court disagrees and finds the divorce is a necessary foundational fact to establish the Defendant's relationship to Donald Miller as well as evidence of a possible motive for the Government's allegation set forth in the indictment. Balancing the probative value of the evidence of the divorce against possible unfair prejudice, the Court does not find that any fact related to the substance of the divorce or the fact that it occurred is so intertwined with the alleged incendiary nature of the fire that would "inflame the passions of the jurors", Second Motion, p. 6, nor does the Court believe that the jury would conclude that the Defendant is guilty as charged because the jurors are given evidence that Don Miller was separated from his wife and/or in the process of obtaining a divorce decree and the insurance proceeds from the fire loss would allow for a settlement of divorce proceedings. As to the probative value of this same evidence weighed against the possible confusion of the jury, the probative value is not substantially outweighed by the relatively minuscule presence of confusion. The jury will not be diverted in their thinking that this matter concerns a divorce hearing where the "jealousy and animosity" the Defendant so fears will present itself will overtake the fact that this matter is a criminal prosecution. The Defendant's motion is denied.

6

### Motion in Limine to Preclude Certain Testimony

The Court addresses each of these sub-motions by their letter designations in the Defendant's Motion:

a) **Opinion Evidence**. The Government offers that it will not present any opinion evidence beyond the testimony of Mr. Grom and issues with respect to his testimony have already been resolved. Therefore this motion is denied as moot.

b) **Hearsay.** The Defendant seeks exclusion of three statements that the Defendant made to Detective Lehman and are described by the Defendant as follows: "1) Miller stated that "she did not set the fire that occurred at Miller Pools on December 16, 2003 [sic]; 2) Miller stated she does not know who set the fire that occurred at Miller Pools on December 16, 2003 [sic]; and 3) Miller stated that she did not solicit anyone to set the fire that occurred at Miller Pools on December 16, 2003 [sic]." Second Motion, p. 7. The Defendant argues for exclusion of these statements because they "presume prejudicial facts not in evidence–that the fire was set." Second Motion, p. 7. The Government disagrees arguing that Federal Rule of Evidence 801(d)(2)(A) allows for admission of these statements at trial.

The Court agrees with the Government that these statements of the Defendant are relevant in that they speak to her knowledge of the fire and the Defendant may place those statements in context through cross-examination of the witness who will offer them and whether the questioning of the Defendant assumed that a fire was set causing her to use this same language in her answer. This motion is denied.

c) **Non-Disclosed Evidence**. The Government has stated that it does not intend to disclose any other evidence outside of what is addressed in these motions. The motion is denied as moot.

7

d) **Employment of Attorney.** The Government stated to the Court that it will not pursue such matters at trial. This motion is denied as moot.

e) **Matters Outside the Scope of the Criminal Trial**. The Defendant's motion is granted in part as to any motive evidence that the Government cannot establish was within the knowledge of the Defendant at the time of the occurrence of the fire including the cancellation notices previously discussed in this Memorandum Opinion; the Government may introduce any such motive evidence upon presentation of foundation facts that establish the Defendant's awareness of evidence establishing a motive for the Defendant. As for the remainder of the testimony that the Government seeks to introduce through the questioning of Nationwide Insurance manager Michael Zurby, the proffer as to that testimony reveals facts that are relevant to the charge in question.

Specifically the Court finds that questioning of Mr. Zurby as to Nationwide Insurance's receipt of the insurance claim, the amount of money paid on the claim and the amounts paid for various purposes under the policy (cleanup, structure, structure's contents, etc.) on these matters relevant and the Court will deny in part the Plaintiff's motion on these matters. The Defendant's motion is granted in part as to any reference to pending litigation regarding this claim as the court finds the existence of a related civil action both irrelevant and unfairly prejudicial to the Defendant under Federal Rule of Evidence 403 as the fact that the insurer has initiated litigation against Don Miller or Miller's Pools (the circumstances of which are unknown to the Court) could cause the jury render a verdict against the Defendant solely on the existence of allegations of a civil action that is not of concern to this jury and most likely this Defendant.

8

f) **Motion to Exclude Extrinsic Act Evidence of Prior Bad Act Evidence**. The Defendant's motion is denied as to this request to exclude extrinsic act evidence or prior bad act evidence. Although the Defendant does not indicate the specific acts she wishes to exclude, the Government indicates that it intends to introduce evidence of "[t]he [D]efendant's solicitation of persons to set the fire" as "evidence of her intent, motive and plan to commit" the crime charged. Government's Second Response, p. 5. The Court agrees in part as to the Defendant's alleged solicitations: such acts, if proven are evidence of intent and plan, but the Court finds no evidence of the *motive*, but only acts of solicitation that are a result of a motivation.

g) **Motion for a Court Order Directing the Johnstown Fire Department to Garage its Engines During the Trial**. The Defendant has requested that the Court direct the Johnstown Fire Department to keep its fire engines in its garage in the Johnstown Public Safety Building located next to this Court's location rather than on the street during the pending trial. The Defendant seeks this relief "[i]n the interest of providing the jurors with a fair and unbiased entry to the federal Courthouse during trial...." Second Motion, p. 8. The Court is obviously without any power over the Johnstown Fire Department and its parking of its fire engines and cannot order the Fire Department to otherwise park its engines inside rather than on a public street in the City of Johnstown. Furthermore, the Court does not find any prejudice to the Defendant by the simple fact that a fire engine may be parked across the street from the entrances to the Court's location here in Johnstown where jurors will be entering and exiting. The Defendant's Motion is denied as to this matter.

9

## III. Third Motion in Limine

In this motion the Defendant requested that the Court order that the Government's witness, Donald Krens, not be permitted to testify as to any statements made by Don Miller "about the building [Miller's Pools] burning...." Third Motion, ¶ 2. The Government has stipulated during oral argument that it will not attempt to elicit such testimony from Donald Krens, but would only seek to have Mr. Krens testify to Mr. Miller's statements should Mr. Miller testify contrary to the Government and Mr. Kren's understanding of Mr. Miller's comments about the building. The Motion is denied as moot.

## IV. Fourth Motion in Limine

This motion concerns certain statements that the Government's witness Amy Jones may testify to at trial. The parties have agreed to speak to each other regarding this motion and may be able to resolve it without Court intervention. Therefore, the Court will reserve ruling on this motion until such time as the parties state on the record that they require a ruling to resolve an outstanding issue regarding this potential testimony.

## V. Fifth Motion in Limine

The Defendant moves for exclusion of the Government's Exhibit numbers 43 through 51 based upon violations of Federal Rule of Criminal Procedure 16, Local Rule of Criminal Procedure 16.1 and the *Brady*[2] rule.

Exhibits 43 through 51 are photographs taken at the scene of the fire at Miller's Pools by special agents of the Bureau of Alcohol Tobacco and Firearms. They depict what appears to be the remnants

---

[2]*Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1967).

10

of one of the kerosene heaters used at Miller's Pools. The Defendant seeks the exclusion of these photographs in accordance with Rule 16(d)(2)(c) which permits a court to "prohibit that party from introducing the undisclosed evidence" at trial. Local Rule 16.1 does not specifically speak to this issue but incorporates Rule 16. The sanctions outlined in Rule 16(d)(2) are permissive, not mandatory by their language of "the court may". As such, the Court finds that no sanctions are necessary for a violation of Rule 16(a)(1)(E)(ii) concerning photographs "that the government intends to use...in its case-in-chief at trial" because the Government related at the time of oral argument that it decided to use the nine photographs in question just days before Assistant United States Attorney Sweeney (hereinafter "AUSA Sweeney") referenced them to defense counsel Arthur McQuillan on Monday, April 28, 2008 and later produced them in the Government's Exhibit binder produced to defense counsel on Wednesday, April 30, 2008. AUSA Sweeney also related to the Court at oral argument that he believes he previously gave his copies to Attorney McQuillan because his photo album containing the crime scene photographs does not contain those nine exhibits. Attorney McQuillan indicated that he has never seen them prior to this week. Nevertheless, AUSA Sweeney's decision to use the photographs in question just days prior to Monday April 28, 2008 allows the Court to conclude that no discovery violation occurred pursuant to evidence "the government intends to use...in its case-in-chief at trial." Fed.R. Crim. P. 16(a)(1)(E)(ii).

Looking at this issue as to Rule 16 material where "the item is material to preparing the defense", Fed.R. Crim. P. 16(a)(1)(E)(i), the Court finds that the materiality, although it exists, is limited in this instance. AUSA Sweeney indicated at the time of oral argument that the Government's expert, Mr. Grom, does not rely on these nine photographs in making his report and conclusions.

11

Furthermore, the Defendant did not express a need for these matters to be reviewed by any expert or lay witness for her case-in-chief that would somehow prejudice her defense. The Court has discretion in the sanctions it may impose under Rule 16 and believes that exclusion of these photographs which apparently are material in the sense they reflect the remnants of a kerosene heater used at Miller's Pools would be extreme. The photographs are in Attorney McQuillan's possession at this moment and he may conduct his witness preparation as well as potential cross-examinations of Government witnesses based upon these photographs. The absence of original copies of these photographs in both counsel's case files also presents a situation where the Court believes an exclusionary sanction is extreme, and finding that copies of the photographs have been produced, *see* Fed.R.Crim.P. 16(d)(2)(A) and no request for a continuance having been made, *see* Fed.R.Crim.P. 16(d)(2)(B) the Court finds it appropriate to conclude that it is just to deny the Defendant's request for exclusion of the exhibits. Fed. R. Crim. P. 16(d)(2)(D).

Finally, the Defendant requested sanctions based upon a *Brady* violation, but the Court once again finds no such violation. The Court of Appeals for the Third Circuit in *United States v. Johnson*, 816 F.2d 918, 924 (3d Cir. 1987) found that production of "fingerprint reports" during the second day of trial was not a *Brady* violation where the district court prevented the Government from offering "expert testimony concerning the report's significance so that the possibility of unfairness ...would be minimized." The Third Circuit recognized that "[w]here the government makes *Brady* evidence available during the course of trial in such a way that a defendant is able effectively to use it, due process is not violated and *Brady* is not contravened." *Id.* (citations omitted). In *Johnson*, defense counsel was provided the reports prior to any cross-examinations of Government witnesses. *Id.*

12

If this Court assumed that the photographs were exculpatory and required to be produced under *Brady*, like the *Johnson* court, *id.*, the Court finds no basis for a *Brady* violation. Attorney McQuillan was provided these photographs on Wednesday, April 30, 2008, the third business day prior to jury selection. Moreover, AUSA Sweeney has indicated that Mr. Grom, the Government's expert, does not base his report upon any of the nine photographs in question. Therefore, similar to the Third Circuit in *Johnson*, this Court finds no *Brady* or due process violation in the production of Exhibits 43 through 51 the Wednesday before the Monday morning jury selection in this matter. The Defendant's motion is denied.

An appropriate Order follows.

AND NOW this 2nd day of May, 2008, in consideration of the Defendant's First Motions in Limine (Document No. 52) (hereinafter "First Motion") and Second Motions in Limine (Document No. 56)(hereinafter "Second Motion"), Third Motion in Limine (Document No. 66)(hereinafter "Third Motion"), Fourth Motion in Limine (Document No. 67)(hereinafter "Fourth Motion") and Fifth Motion in Limine (Document No. 68)(hereinafter "Fifth Motion"), IT IS HEREBY ORDERED THAT these motions are GRANTED IN PART, DENIED IN PART and DENIED IN PART AS MOOT and ruling is RESERVED IN PART as to the Defendant's motions in accordance with the foregoing Memorandum Opinion.

BY THE COURT:

*Kim R. Gibson*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**